IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES R. BAILEY, et al., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:04-CV-0340-JOF |
| RELIANCE TRUST COMPANY, | : |
| | : |
| Defendant. | : |

**OPINION AND ORDER**

This matter is before the court on Defendant's motion to dismiss Plaintiffs' fifth amended complaint [65].

**I.   Background**

**A.   Procedural History**

On October 29, 2002, Plaintiffs, James R. Bailey, Danny Reed, David Brown, and Deena Brown, filed suit in a Texas state court on behalf of a purported class against Defendant, Reliance Trust Company, claiming violations of the Texas Securities Act, Art. 581-1, *et seq.*, and in particular Art. 581-33. Plaintiffs aver that Defendant directly violated the Act by investing IRA proceeds in a money-market security while not licensed to sell securities in Texas, and indirectly by facilitating the purchase of customer-owned, coin-operated telephones ("COCOTs") with IRA funds.  On September 11, 2003, Plaintiffs filed

their fourth amended complaint, which for the first time alleged damages greater than $75,000.00. The fourth amended complaint was also the first complaint to include Plaintiffs Reed, David Brown, and Deena Brown. Defendant removed this case on September 16, 2003, to the United States District Court for the Southern District of Texas, Houston Division. Because the notice of removal was filed in the wrong division, the case was transferred to the United District Court for the Galveston Division on October 10, 2003. On February 5, 2004, U.S. District Judge Samuel B. Kent denied Defendant's motion to dismiss for lack of personal jurisdiction and granted Defendant's motion to transfer venue to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to the terms of a forum-selection clause. Defendant filed its answer to Plaintiffs' fourth amended complaint on February 18, 2004, and asserted a counterclaim for contractual indemnity.

On March 12, 2004, Plaintiffs filed a motion to transfer venue. Plaintiffs did not seek to remove this case from the Atlanta Division, but rather to transfer the case to Judge Camp. The court denied this motion. On April 20, 2004, Defendant filed a motion to dismiss the fourth amended complaint for failure to state a claim. On March 8, 2005, this court granted Defendant's motion to dismiss with regard to Plaintiffs' claim under the Texas Securities Act and allowed Plaintiffs leave to replead their fraud claims with more particularity. On April 7, 2005, Plaintiffs filed its fifth amended complaint. The fifth amended complaint added

2

forty-six new plaintiffs[1] and sought to set forth causes of action for (1) selling of an unregistered security in violation of the Texas Securities Act; (2) selling of a security by untruth or omission in violation of the Texas Securities Act; (3) statutory stock fraud under Texas Business & Commerce Code Section 27.01; (4) common law fraud; (5) vicarious liability for conspiracy; and (6) vicarious liability for securing the execution of a document by deception.

**B.   Facts**

In this case, Plaintiffs allege that Defendant, a Georgia corporation which manages Individual Retirement Accounts ("IRAs"), aided a Ponzi scheme to defraud Texas investors by facilitating their investment in COCOTs. Phoenix Telecom LLC ("Phoenix") and ETS Payphones, Inc. ("ETS"), neither of which are defendants in this action, sold unregistered securities marketed as COCOT sale and lease-back agreements. Defendant's role was to finance investment in this scheme by promoting its IRAs as a means of funding the purchase of the COCOT leases. Plaintiffs contend that they were not informed that Phoenix and ETS

---

[1] The entire list of plaintiffs included Marquita Adamson, Billy Barnes, John Black, Phyllis M. Breedlove, Linda Briggs, Richard L. Briggs, Nathan Eugene Bruton, Doris B. Cain, Joyce Cain, Cathy Gandy Capuano, Ronald Crow, Lori Cummings, Cletha Dickerson, Don Dickerson, Eddie Farrell, Oleta Farrell, Anna Flippin, Betty J. Granger, Susan Green, Jim Hanna, Sylvia Harlan, Raymond Hebert, Jimmy L. Hill, Wanda J. Hill, Bruce Hopewell, Nita Hrach, William Hrach, Charles H. Jones, Norma Kittrell, Burnett McCloud, Thomas McClung, Arnis Morris, Foy C. Nelson, John H. Persefield, Terry Rozell, Robert M. Sprague, Margaret A. Sterling, John S. Swaim, Waltraud E. Swaim, Zelma Thorn, Chessa Vines, Edna Voelker, Michael Wikman, Judy Woodfin, Joel Worley, Linda Worley, James R. Bailey, Danny Raymond Reed, David Brown, Deena Brown.

AO 72A
(Rev.8/82)

were losing money, had failed to make a profit, and depended on funds from new investors to sustain their operations. Plaintiffs argue that this failure to inform them caused the Plaintiffs to lose their investments. Plaintiffs all had funds located in IRAs which could not be easily withdrawn due to tax implications and early withdrawal penalties. Defendant provided qualified IRAs and self-directed IRA accounts which allowed Plaintiffs to invest in the COCOT leases without incurring these penalties.

## II.   Discussion

### A.   March 8 Order

Defendant contends that this court's March 8 order precludes Plaintiffs from bringing any claims in an amended order save fraud claims which the court expressly allowed Plaintiffs to plead with more particularity.

In the March 8 order, this court stated:

> Defendant's motion to dismiss Plaintiff's fourth amended complaint [49] is GRANTED; Plaintiff's claim under Texas Securities Act, Art. 581-33(A)(1) is dismissed, but Plaintiffs have leave to amend their complaint to provide a more definite statement of their fraud claim. Any such amended complaint must be filed thirty (30) days from the date of entry of this order.

Order, March 8, 2005 at 16-17. In this portion of the order, the court merely was stating that of the claims before the court, a certain claim was dismissed, but Plaintiffs were permitted to provide a more definite statement of their fraud claim. The court did not limit, as Defendant suggests, Plaintiffs' ability to amend their complaint to more fully state a claim for relief for claims unrelated to fraud.

### B.     Federal Rule of Civil Procedure 15(a)

Defendant contends that this court should decline to allow Plaintiffs to amend their complaint as "Plaintiffs knowingly disregarded Fed. R. Civ. P. 15." Rule 15 states:

> **(a) Amendments.** A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). While Plaintiffs should have filed a motion for leave to amend prior to filing their fifth amended complaint which adds forty-six new plaintiffs and several new causes of action, the court finds that dismissing the complaint and requiring Plaintiffs to file a motion to amend would be a waste of time. As the statute states, "leave shall be freely given when justice so requires." Further, case law explicitly states that motions to amend should be denied only in limited circumstances.

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be "freely given."

5

*Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981).[2] Therefore, although Plaintiffs should have filed a motion seeking leave, the court will allow Plaintiffs' amendment to add new parties and new causes of action.

### C. Texas Securities Act - Article 581-33(A)(1)

In their fifth amended complaint, Plaintiffs have filed individual claims under Article 581-33(A)(1) of the Texas Securities Act. The Plaintiffs do so stating that the court's March 8 order, "citing *Griffin v. Singletary*, 17 F.3d 356 (11th Cir. 1994) indicates that the individual Plaintiffs, however, may rely upon previous putative class actions to toll the statue of limitations as to individual claims in this cause of action." Plaintiffs' Fifth Amended Complaint, ¶ 421.

Plaintiffs misconstrue the court's March 8 Order. In that order the court first analyzed *Weisz v. Spindletop Oil & Gas Co.*, 664 S.W.2d 423 (Tx. Ct. App. 1983). The court held:

> [f]ollowing *Weisz*, this court must find that the three-year statute of limitations period set out in section (H)(1) is actually a substantive element of a cause of action under Article 581-33(A)(1). As stated in *Weisz*, this court does not have the power to set aside this element of the claim, even on equitable grounds. Accordingly, Plaintiffs cannot prove an element of their claim under (A)(1), and thus cannot state a claim for relief.

March 8 Order at 11-12. Only in the alternative did the court look at the issue of equitable tolling. As Plaintiffs have not asked the court to reconsider its previous finding nor even

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981 ) (en banc), the Eleventh Circuit adopted as binding precedent all decisions that the former Fifth Circuit rendered prior to October 1, 1981.

addressed *Weisz*, the court finds that their new complaint raises no new issues concerning claims under Article 581-33(A)(1).  Therefore, the court GRANTS-IN-PART Defendant's motion to dismiss and DISMISSES WITH PREJUDICE Plaintiffs' claims under Article 581-33(A)(1).

### D.  Fraud

In the March 8 Order, the court stated,

> [w]hile Plaintiffs do state in their complaint that they were not told that the COCOT companies were not earning profits, were actually losing money, and depended on new investors to keep the Ponzi scheme afloat, they do not allege that Defendant made those statements, nor do they allege that Defendant was specifically aware that these untruths were being stated.  In fact, Plaintiffs have failed to allege information which could provide any context regarding these statements of untruths.

Order, March 8, 2005 at 9.  Nonetheless, the court granted Plaintiffs "leave to amend their complaint to provide a more definite statement of their fraud claim."

Rule 9(b) provides that, in all averments of fraud, "the circumstances constituting fraud or mistake shall be stated with particularity."  This rule exists not only to alert defendants to the specific misconduct with which they are charged, but also to protect defendants "against spurious charges of immoral and fraudulent behavior."  *Ziemba v. Cascade Intern., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).

The Eleventh Circuit has held that Rule 9(b) may be satisfied in one of two ways. First, the rule is satisfied,

7


> if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each statement and the person responsible for making (or, in the case of omissions, not making it) same, and (3) the content of such statements and the manner in which they misled plaintiff, and (4) what defendants obtained as a consequence of the fraud.

*Ziemba*, 256 F.3d at 1202 ( internal citations and quotes omitted).[3]  Rule 9(b) may also be satisfied through "alternative means."  *United States ex rel. Clausen v. Laboratory Corp.*, 290 F.3d 1301, 1310 n.18 (11th Cir. 2002).  A complaint that fails to describe particularized fraudulent acts can still comply with Rule 9(b) if it can be read together with other documents in the record to establish specific allegations of fraud.  *See Durham v. Business Mgmt. Assocs.*, 847 F.2d 1505, 1512 (11th Cir. 1988) (finding Rule 9(b) satisfied where the complaint, combined with an affidavit, detailed specific instances of letters containing the alleged fraud); *see also Clausen*, 290 F.3d at 1310 n.18 ( noting that in "alternative means" cases such as *Durham*, "this Court has found challenged complaints -- read together with other documents in the record -- to be sufficient").  Failure to comply with the requirements of Rule 9(b) is grounds for dismissal.  *Clausen*, 290 F.3d at 1310.

Plaintiffs have pled with particularity the specific omissions which Defendant allegedly failed to disclose.  Specifically, Plaintiffs allege that Defendant failed to inform each

---

[3] The court is aware, however, that Rule 9(b) must be read in conjunction with Rule 8 of the Federal Rules of Civil Procedure, and that the heightened pleading requirements for fraud should not be interpreted in a manner that would abrogate the basic concept of notice pleading. *Friedlander v. Nims*, 755 F.2d 810, 813 n.3 (11th Cir. 1985).

AO 72A
(Rev.8/82)

Plaintiff, at the time that he or she signed documents rolling over certain IRAs to Defendant, that

> 1) the COCOT were actually securities that required registration in Texas; 2) ETS and/or Phoenix Telecom were insolvent; 3) ETS and/or Phoenix Telecom were losing more and more money with each additional payphone sale; 4) ETS founder Charles Edwards received a "commission" on each Phoenix COCOT security [sold]; and 5) ETS and and/or Phoenix Telecom depended on funds from new investors in order to sustain operations.

As Plaintiffs have stated that the alleged omissions occurred when Defendant enlisted each Plaintiff's business and when Defendant purchased the COCOTs and have stated in some detail what the specific omissions were, how the omissions misled Plaintiffs, and finally how Defendant benefitted from the omissions, the court finds that Plaintiffs have alleged fraud with sufficient specificity to satisfy the requirements of Rule 9(b).[4]  Therefore, the court DENIES-IN-PART Defendant's motion to dismiss.

---

[4] At this point, the court will not address Defendant's argument supporting a dismissal for failure to state a claim as Defendant first made such an argument in its reply brief rather than in its original motion and the brief filed in support thereof. For this court to address a motion to dismiss for failure to state a claim, Plaintiffs must be given a chance to respond to the specific arguments. Defendant's raising the argument for the first time in its reply brief denied Plaintiffs that opportunity.

AO 72A
(Rev.8/82)



### III. Conclusion

The court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant's motion to dismiss Plaintiffs' Fifth Amended Complaint [65].

**IT IS SO ORDERED** this 23rd day of March 2006.

                                               s/ J. Owen Forrester
                                               J. OWEN FORRESTER
                                 SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)